KENDALL *v.* CHASE.

SPECIFIC PERFORMANCE—LAND CONTRACTS—CONSTRUCTION—EQUITY.
Where plaintiff conveyed 40 acres, and the grantee, in consideration of same and of services rendered, executed an agreement that plaintiff should have her support out of the same during the term of her natural life, in proceedings to enforce said contract after the grantee's death, *held*, that the contract is open to the construction placed upon it by the court below that plaintiff is entitled to her support out of the land conveyed, even though it exhaust the value of the land in so doing.

Appeal from Shiawassee; Collins, J. Submitted October 16, 1918. (Docket No. 77.) Decided December 27, 1918.

Bill by Adeline Kendall against William Chase and others for the specific performance of a land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Albert L. Chandler,* for plaintiff.

*Austin E. Richards (John T. McCurdy,* of counsel), for defendants.

BIRD, J. Plaintiff has resided in the township of Venice, Shiawassee county, for many years. When she was a girl she married William Kendall. He enlisted in the civil war and while in the service died, leaving plaintiff with two small children. The deceased, John Chase, lived in the same neighborhood, with three small children. His wife was living elsewhere. After plaintiff's father died Chase made an arrangement with plaintiff to keep his house and she and her children went there to live. This arrangement continued until all the children were grown and

See notes in 13 L. R. A. (N. S.) 725; 28 L. R. A. (N. S.) 607.

until John Chase died in 1916. At the time of plaintiff's employment she owned 40 acres which joined Chase's 80 acres. Soon thereafter they moved into her house. In August, 1887, for reasons which do not clearly appear of record, plaintiff and Chase went to Owosso and to the office of Jerome Turner, a well-known lawyer in that vicinity, and plaintiff made a deed of her 40 acres to Chase and as a part of the same transaction he executed the following agreement and delivered it to her:

"Owosso, August 18, 1887.

"In consideration of service rendered by Adeline Kendall, and land this day deeded to me, I hereby agree that said Adeline Kendall shall have her support out of the same during the term of her natural life and a home on said farm as she now does, if she chooses.

"JOHN CHASE."

After Chase died his heirs, the defendants, denied that plaintiff had the right of possession and, accordingly, served notice on her to vacate. At this time plaintiff had grown to be an old lady. She was ill, unable to work and required nursing and medical attention, so her daughter, who lived nearby, took her to her own home where she has since been nursed and cared for.

Plaintiff filed this bill praying the court to specifically enforce this contract. At the hearing counsel were very much at variance over the construction which should be given to it. Plaintiff's counsel insisted that the contract should be so construed as to give plaintiff not only the income of the 40 acres, but inasmuch as it had already been shown that the income was insufficient to support her, she was entitled to take from the *corpus* of the estate for her support. Defendants' counsel contended that a fair construction of the contract was that she should have her support out of the rents or income thereof; that a trust

was intended, the income from which was to be devoted, or so much as was necessary, to her support.

The chancellor was of the opinion that the contract imposed no personal liability upon John Chase and, therefore, his estate was not liable. He construed the contract in accordance with plaintiff's contention. He found that since the death of Chase and up to the time of trial $1,070 had been expended in the care and support of plaintiff and ordered that sum paid from the proceeds of a sale of the land which he ordered, the balance of the fund to go into the hands of the county clerk. The county clerk was charged with the duty of paying the claims already incurred and with the further duty of seeing that she was reasonably and properly cared for in the future, and if any money should be left unexpended after paying for such reasonable support and her funeral expenses, the same was to go to the heirs of John Chase. The heirs of John Chase, feeling aggrieved at this conclusion, have appealed to this court.

Both counsel make persuasive arguments in behalf of their respective contentions. It is one of those contracts which leaves the full intention of the parties in doubt. Defendants say that the fact she was to have her support for and during her natural life indicates an intention that the *corpus* of the estate should not be exhausted, because if it were, she could not have her support out of it during her life. The provision that she might have a home on said farm if she chooses also carries a like implication. Both of these provisions make for the contention of defendants that what was contemplated was the use and income and nothing more.

Plaintiff contends that a direct promise without qualification or limitation was made by Chase that plaintiff should have her support out of the same; that now she is old and ill and the rents and income

from the estate will not furnish her a reasonable support and that if compelled to rely on income alone she is not getting what Chase promised her, namely, her support out of the same. This argument is also persuasive.

At the time plaintiff conveyed the premises to Chase she did so subject to a mortgage of $300. If, however, he was indebted to her for services, as he acknowledged in the contract, in any considerable amount, she would have had little difficulty in retaining the land and paying the mortgage. This indicates that Chase paid very little value for the land, although he afterward erected a new house thereon. Whatever the reason may have been for conveying title to Chase, it is quite evident that the agreement was made to protect her from want in her old age. The agreement is open to the construction contended for by plaintiff's counsel. Had the parties intended her support to be limited to the income, it would have been easy to have so stipulated. Not having done so, we may assume that the intention was to give plaintiff her reasonable support out of the land conveyed even though it exhausted the value of the land in so doing. It having been established by the proofs that it requires something more than mere income to meet plaintiff's necessities in her present condition, we are inclined to concur in the conclusions reached by the chancellor.

The decree is affirmed, with costs to plaintiff.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.